[No. A032887. First Dist., Div. Three. Aug. 12, 1987.]

NORTHERN CALIFORNIA NEWSPAPER ORGANIZING
COMMITTEE et al., Plaintiffs and Respondents, v.
SOLANO ASSOCIATES et al., Defendants and Appellants.

COUNSEL

John D. O'Connor, Thomas C. Burch and Tarkington, O'Connor & O'Neill for Defendants and Appellants.

Margaret C. Crosby, Alan L. Schlosser and Edward M. Chen for Plaintiffs and Respondents.

OPINION

SCOTT, J.—We hold that a state court has jurisdiction to adjudicate whether a labor union has the right under the California Constitution to

distribute literature concerning a labor dispute subject to the National Labor Relations Act (NLRA) (29 U.S.C. § 1 et seq.) in a private shopping mall not involved in the labor dispute.

I

*Facts*

Respondents are Northern California Newspaper Committee, a labor union (Union), and Peter Rockwell, a Union representative. In 1984, Union was certified by the National Labor Relations Board (NLRB) as the exclusive bargaining representative of the employees of the Daily Republic, a local newspaper in Fairfield. Following certification, Union requested that the Daily Republic bargain with Union for a first contract, but the newspaper refused to do so. In response, Union filed a charge with the NLRB complaining that the Daily Republic had committed an unfair labor practice by refusing to bargain. The NLRB rendered a decision ruling that the Daily Republic had committed an unfair labor practice and ordered the newspaper to negotiate with Union. The Daily Republic, in turn, filed a petition to set aside the NLRB ruling.

Concurrently with these activities, Union began a campaign to inform the public of the facts concerning the newspaper's refusal to bargain. As part of this campaign, Union representatives began to pass out literature concerning the dispute in shopping centers in Solano County. They attempted to distribute such literature in Solano Mall, a shopping center privately owned by appellant Solano Associates and managed by appellants Ernest W. Hahn, Inc., and Rick Forster. Appellant Delta Partners, Ltd., allegedly also has an interest in Solano Mall. When the Union representatives were denied access, respondents commenced the underlying action in the Superior Court of Solano County, seeking declaratory and injunctive relief, a temporary restraining order, and damages. The complaint alleged, inter alia, a violation of Union's right to freedom of speech guaranteed by the California Constitution. In opposing the application for a preliminary injunction, appellants contended that the superior court did not have jurisdiction to resolve the matter because of preemption by the NLRA and the exclusive jurisdiction of the NLRB. The trial court rejected the preemption argument, finding: "This is not an employer-employee matter. The Solano Mall has nothing to do with this labor dispute." In ruling on the constitutional issues, the court held that the issue of Union's right to distribute literature "has been resolved by the case of *Robins* v. *Pruneyard Shopping Center* (1979) 23 Cal.3d 899 [153 Cal.Rptr. 854, 592 P.2d 341]. '(S)ections 2 and 3 of Article I of the California Constitution protect speech and petitioning

reasonably exercised in shopping centers even when the centers are privately owned. . . .' "[1] The court issued an order enjoining appellants from denying respondents or their agents access to the Solano Mall for the purpose of "expressive activity" subject to certain conditions and limitations.

## II

### *Issue on Appeal*

On appeal, appellants do not challenge the trial court's ruling that the distribution of literature concerning a labor dispute in a privately owned shopping center is protected by the California Constitution. We expressly affirm that such activity, reasonably conducted, constitutes speech protected by article I, section 2, of the California Constitution pursuant to *Robins*.

The sole issue raised by appellants on appeal is whether the state court's jurisdiction to adjudicate Union's right to distribute literature in Solano Mall was preempted by the NLRA with the NLRB having exclusive jurisdiction over the controversy.

## III

### *Discussion*

Under *San Diego Unions* v. *Garmon* (1959) 359 U.S. 236 [3 L.Ed.2d 775, 79 S.Ct. 773], when a disputed activity is "arguably subject" to sections 7 or 8 of the NLRA (29 U.S.C. §§ 157 and 158),[2] the jurisdiction of the states as well as the federal courts over the dispute is preempted by the exclusive jurisdiction of the NLRB, in the absence of a compelling state interest. In *Garmon,* the United States Supreme Court reversed a judgment

[1] In *Robins* v. *Pruneyard Shopping Center* (1979) 23 Cal.3d 899 [153 Cal.Rptr. 854, 592 P.2d 341], the California Supreme Court held that the soliciting of signatures at a privately owned shopping center for a petition to the government was protected by article I, sections 2 and 3, of the California Constitution.

[2] 29 United States Code section 157 provides in part: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ."

29 United States Code section 158 provides in part: "(a) It shall be an unfair labor practice for an employer – [¶](1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title; . . ."

All further references to section 7 and section 8 are to 29 United States Code sections 157 and 158, respectively.

of a state court awarding damages against a labor union allegedly sustained as the result of picketing by the labor union in the course of a labor dispute. In reversing the judgment, the court held that when it is not clear whether a disputed activity is protected by section 7 of the NLRA or prohibited by section 8, but such activity is "arguably subject" to these provisions, the states as well as the federal courts must defer to the exclusive initial jurisdiction of the NLRB to avert the danger of state interference with national policy. (*Id.*, at p. 245 [3 L.Ed.2d at p. 784].) If the NLRB determines that the disputed activity is protected by section 7 or prohibited by section 8, state court jurisdiction is absolutely preempted. (*Ibid.*) The court noted that the state court had awarded damages based upon the assumption that the behavior of the unions constituted an unfair labor practice. (*Ibid.*) Accordingly, because the unions' activity arguably was within the compass of sections 7 and 8, the NLRB had initial exclusive jurisdiction over the dispute. (*Id.*, at p. 246 [3 L.Ed.2d at p. 782].)

The *Garmon* court cited *Machinists* v. *Gonzales* (1958) 356 U.S. 617 [2 L.Ed.2d 1018, 78 S.Ct. 923], as a case where state court jurisdiction was not preempted because "the activity regulated was merely a peripheral concern" of federal labor law. (*San Diego Unions* v. *Garmon, supra,* 359 U.S. at pp. 243-244 [3 L.Ed.2d at p. 782].) In *Gonzales,* a former union member brought an action in a California state court, claiming his expulsion from membership in an international union and its local union constituted a violation of his rights under the constitutions and by-laws of the unions. The state court ordered his reinstatement and awarded damages. The unions claimed that the state court had no jurisdiction to award damages for breach of a union contract. The Supreme Court rejected this argument, stating: "[T]he subject matter of the litigation in the present case . . . was the breach of a contract governing the relations between respondent and his unions. [Fn. omitted.] The suit did not purport to remedy or regulate union conduct. . . . A state court decision requiring restoration of membership requires consideration of and judgment upon matters wholly outside the scope of the National Labor Relations Board's determination . . . ." (*Machinists* v. *Gonzales, supra,* 356 U.S. at pp. 621-622 [2 L.Ed.2d at p. 1022].) The court further noted that the damages sustained were not treated as the result of an unfair labor practice but of the breach of contract, and that the question of unfair labor practice had not been raised nor had any finding on the subject been made. (*Id.*, at p. 622, fn. [2 L.Ed.2d at p. 1022])

In *Internatl. Longshoremen's Assn.* v. *Davis* (1986) 476 U.S. 380 [90 L.Ed.2d 389, 106 S.Ct. 1904] the Supreme Court cautioned that the " 'arguably' protected or prohibited" requirement under *Garmon* could not be satisfied by a conclusory assertion of preemption. The party claiming

preemption must demonstrate that his case is one that the NLRB could legally decide in his favor. (*Id.,* at p. 394 [90 L.Ed.2d at p. 403, 106 S.Ct. at p. 1914].)

In *Sears, Roebuck & Co.* v. *Carpenters* (1978) 436 U.S. 180 [56 L.Ed.2d 209, 98 S.Ct. 1745], cited by respondents, the court held that even if a disputed activity is arguably subject to sections 7 and 8, if the specific controversy presented to the state court is not identical to the issues that would be presented to the NLRB, such that there is no realistic "risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the *Garmon* doctrine was designed to avoid . . . ," state court jurisdiction is not preempted. (*Sears, Roebuck & Co., supra,* at p. 197 [56 L.Ed.2d at pp. 225-226].) The *Sears* court also held that the "arguably protected" branch of the preemption doctrine does not apply to cases in which an employer has no acceptable method of invoking, or inducing the union to invoke, the jurisdiction of the NLRB, unless there is a significant risk of misinterpretation of governing labor law. (*Id.,* at pp. 202-203 [56 L.Ed.2d at pp. 228-229]; see *El Rancho Unified School Dist.* v. *National Education Assn.* (1983) 33 Cal.3d. 946, 959 [192 Cal.Rptr. 123, 663 P.2d 893].)

■ Here, we need not consider whether Union's distribution of literature falls within the *Sears* exceptions to preemption because we find the disputed activity is not even arguably protected by section 7 or arguably prohibited by section 8. The controversy presented to the trial court was not a labor dispute. As in *Gonzales, supra,* 356 U.S. 617, the controversy did not involve a claim of an unfair labor practice. The complaint did not seek to regulate union conduct or employer conduct, and did not concern the rights of Union or the Daily Republic under the NLRA. The controversy involved solely the right of individuals to distribute literature concerning a labor dispute in a private shopping mall which is not involved in any way with the labor dispute. We find no authority which holds that the distribution of literature by employees on private property in which the employer has no interest or connection is protected by section 7, as against the nonemployer property owner. Appellants rely on *Eastex, Inc.* v. *NLRB* (1978) 437 U.S. 556 [57 L.Ed.2d 428, 98 S.Ct. 2505] for the proposition that such activity is arguably protected by section 7. Such reliance is misplaced. In *Eastex,* the court held that the distribution of union literature in nonworking areas of an employer's plant during nonworking hours is protected by section 7. The court also stated that "distribution of [literature] clearly would be protected by § 7 *against employer discipline* if it took place off the employer's property." (*Id.,* at p. 572 [57 L.Ed. 2d at p. 443], italics added.) In the instant case,

however, the controversy does not involve the protection of Union's right to distribute literature against discipline by Daily Republic, the employer. The controversy involves the protection of the rights of Union against the conduct of a nonemployer party unrelated to the labor dispute. *Eastex* therefore is inapposite.

Appellants also cite *Hudgens* v. *NLRB* (1976) 424 U.S. 507 [47 L.Ed.2d 196, 96 S.Ct. 1029] for the proposition that Union's conduct is arguably protected by section 7 or that appellants' conduct is arguably prohibited by section 8. In *Hudgens,* striking employees attempted to picket in front of the premises of their employer, the Butler Shoe Co., located inside a shopping center. The owner of the shopping center demanded that the pickets leave the center. The union filed an unfair labor practice charge with the NLRB against the shopping center owner, alleging that the owner interfered with the union's rights to engage in "concerted activities" guaranteed by section 7. The NLRB ruled that because the picketing was protected by the employees' First Amendment rights, the shopping center owner's conduct violated section 8 of the NLRA, which makes it an unfair practice for an "employer" to restrain employees in the exercise of their section 7 rights. (*Id.,* at p. 510 [47 L.Ed.2d at p. 201].) The parties did not dispute that the shopping center owner was an "employer" under 29 United States Code section 152 (2),[3] subject to section 8. (*Id.,* at p. 510, fn. 3 [47 L.Ed.2d 196 at p. 201].) On review by the United States Supreme Court, the court held that the employees' picketing was not protected by the First Amendment.[4] (*Id.,* at p. 521 [47 L.Ed.2d at p. 208].) The court held that for that reason, the rights and liabilities of the parties were dependent exclusively upon the NLRA and specifically section 7. (*Ibid.*) The court therefore remanded the case to the NLRB for resolution under the NLRA.

Certain critical facts present in *Hudgens,* which are not present here, warranted the jurisdiction of the NLRB over the controversy in that case. In *Hudgens,* the employer's premises were located in the shopping center. For that reason, the shopping center owner was directly involved in the labor dispute. The significance of this fact was explained in the NLRB's decision on remand. The NLRB found that although the shopping center owner was not the primary employer, because of the economic connection between the shopping center owner and the tenant stores, and because the shopping center owner was financially interested in the tenant stores, the

---

[3] 29 United States Code section 152(2), defines "employer" as including "any person acting as an agent of an employer, directly or indirectly, . . ."

[4] In contrast, here, Union's distribution of literature in Solano Mall is protected by the California Constitution pursuant to *Robins* v. *Pruneyard Shopping Center, supra,* 23 Cal.3d 899.

owner was acting as their "agent" and therefore was an employer subject to section 8. (*Scott Hudgens* (1977) 230 NLRB 414, 417-418.) The NLRB, however, expressly limited its decision to "do no more than assure that employees of employers doing business in such malls will be afforded the full protection of the Act." (*Id.,* at p. 418.) The NLRB emphasized that "[t]he effect of our decision obviously is limited to such Section 7 activity [picketing employer's business premises] and in no way requires Hudgens to open the Mall to any and all who may wish to demonstrate or solicit there." (*Ibid.*)

Here, the record does not indicate that the Daily Republic has its business premises or leases space in the Solano Mall, or that the Solano Mall has any direct financial interest in the Daily Republic. The Solano Mall therefore is in no way an agent of the Daily Republic and, accordingly, is not an "employer" vis-à-vis the Union under 29 United States Code section 152(2). Union's activities in Solano Mall therefore are not arguably protected by section 7, and appellants' conduct is not arguably prohibited by section 8. Rather, as the trial court held, Union's activities are protected by the California Constitution.

Because Union's distribution of literature in Solano Mall is not arguably protected by section 7 and because appellants' attempt to forbid such activity is not arguably prohibited by section 8, state court jurisdiction over the controversy was not preempted.

Our conclusion is consistent with and supported by *Schwartz-Torrance Investment Corp.* v. *Bakery & Confectionery Workers' Union* (1964) 61 Cal.2d 766 [40 Cal.Rptr. 233, 394 P.2d 921] and *In re Lane* (1969) 71 Cal.2d 872 [79 Cal.Rptr. 729, 457 P.2d 561]. In *Schwartz-Torrance,* the California Supreme Court held that labor union picketing in a private shopping mall directed against a store within the mall was protected free speech. (61 Cal.2d at p. 770.) Although the court did not analyze the issue of preemption, the court expressly declined to find that the controversy was preempted by the NLRB. (*Id.,* at p. 775.) In *In re Lane* , *supra,* 71 Cal.2d 872, the court upheld the right of union newspaper employees to leaflet on private property in front of a supermarket as protected free speech. As in the *Schwartz-Torrance* decision, the court found no preemption by the NLRB over the controversy. (*Id.,* at p. 878.)[5]

---

[5] In *In re Lane, supra,* the court found the disputed activity was protected by the First Amendment. Subsequent to *Lane,* the United States Supreme Court, in *Hudgens* v. *NLRB, supra,* 424 U.S. 507, held that similar activity was not protected by the First Amendment. Such activity would be protected, however, under the California Constitution, pursuant to *Robins* v. *Pruneyard Shopping Center, supra,* 23 Cal.3d 899.

## III

### *Disposition*

The order of preliminary injunction is affirmed.

White, P. J., and Merrill, J., concurred.